The Chief Justice
delivered the opinion of the court.
This was a warrant for a forcible detainer. The jury having found the defendant guilty, he thereupon filed a traverse, and prayed an appeal to the circuit court, which court upon motion, dismissed the appeal, because the appellant had not signed his name to the traverse.
That the circuit c'ourt erred in their decision on this P°*nt>we havc n0 doubt. It is true that the act of assem-My authorising this mode of proceeding, has given a form of a traverse, to which is subjoined two letters to represent *55 the name pí the traverser; but the act only requires the substance of the form it has given to be pursued, and we apprehend that the signature of the name of the traverser is not of the substance of the traverse.
Hardin for appellant, Popa for appellee.
E⅛ suc,, war. rant should, n°l all"w' irregularities are ca'cula-te^t cf traverse on the merits.
With respect to the objections taken by the assignment of error to the proceedings before the magistrate, we may remark, that as these objections relate to irregularities which could not affect the parties, or in any manner prevent a fair trial of the traverse upon its merits, they should, in this court, as well as in the circuit court, be disregarded. The judgment must be reversed with cost, and the cause remanded, that the circuit court may proceed to the trial the traverse, and cause such other psoceedings to be had as be consistent with law.