*Hansons, for appellant.*

*Davis, for appellee.*

---

MARY L. PRICE, ETC., *v.* E. M. GATT.

**Forcible Entry and Detainer—Distinct Offenses.**

**Traverse—Jury Must Find Party Guilty of Same Offense.**

A forcible entry is an entry on land or tenements without the consent of the person having the possession in fact of the premises. Forcible detainer is the refusal of a tenant to surrender to his landlord the lands or tenements demised, after the expiration of his term.

On a traverse the jury in the circuit court must find the party.

charged guilty of the offense of which he was found guilty by the jury in the country.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

March 22, 1872.

OPINION BY JUDGE PETERS:

A forcible entry is defined by Sec. 500 *Civil Code* to be an entry into lands, or tenements without the consent of the person having the possession in fact of the premises. And a forcible detainer is the refusal of a tenant to surrender to his landlord the land, or tenements demised after the expiration of his term. They are therefore distinct offences, and so they were before the adoption of the Code. But it was held by this court under the old practice that both offences could be charged in the same warrant, and the jury in the country might find the party charged, guilty of either one or both of the offences, and upon a traverse the jury must find the party guilty of the offence of which he was found guilty by the jury in the country.

The court below properly overruled the motion to quash the warrant, and also the demurrer thereto.

The jury who tried the traverse found the inquisition true, and as neither the evidence nor the instructions are certified to this court by a bill of exceptions we cannot disturb the finding of the jury.

As to the irregularities which occurred before the justice and which do not affect the merits of the case, upon a traverse, must be disregarded. *Jones v. Skiles,* 1 Mar. 54. Appellants were the traversors if the Jefferson court of Common Pleas had refused to entertain jurisdiction of the traverse, the proper order would have been to dismiss it which would have remitted the traverse to the benefit of her judgment for restitution rendered by the justice on the verdict of the jury before him, and surely the refusal of the court below to do so was not prejudicial to traversor. Judgment must be affirmed.

*Whitaker, Walker, for appellant.*

*Bradley & Sumrall, for appellee.*